# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-307V
Filed: October 24, 2017
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| HEIDI DOMKE, * | |
| * | |
| * | |
| Petitioner, * | Attorneys' fees and costs decision; |
| v. * | lack of reasonable basis |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Edward M. Kraus, Chicago, IL, for petitioner.
Debra A. Filteau Begley, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION DENYING AN AWARD OF ATTORNEYS' FEES AND COSTS[1]

On March 9, 2016, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that within 45 minutes of receiving tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on March 13, 2013, she had severe headache, shortness of breath, decreased blood pressure, and "air hunger."  Pet. at ¶ 5.  Petitioner alleged on-Table anaphylaxis and on-Table brachial neuritis.  Pet. Preamble.  In the alternative, petitioner alleged an immune-mediated inflammatory condition resulting in pain, tightness and weakness in her left arm, shoulder and chest, aggravated ongoing environmental allergies, and increased sensitivity to environmental and chemical irritants.  Id.  On June 27, 2017, the undersigned issued a decision dismissing the case.  On October 10, 2017, petitioner filed a motion for attorneys' fees and costs.  For the reasons set forth below, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

### PROCEDURAL HISTORY

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

Petitioner filed her petition on March 9, 2016. The case was originally assigned to the Special Processing Unit.

On July 11, 2016, petitioner filed a Statement of Completion of the record.

On October 17, 2016, respondent filed a Rule 4(c) Report, recommending against compensation principally because petitioner did not have anaphylaxis or brachial neuritis. Resp't Rep. at 4, 7, 10, 11.

On October 26, 2016, the Chief Special Master transferred this case to the undersigned.

On November 22, 2016, the undersigned issued an Order giving petitioner until January 23, 2017 to file an expert report, noting that the medical records did not support her allegations of anaphylaxis and brachial neuritis. Moreover, petitioner's assertions of subsequent injuries rested upon her having had an initial allergic reaction to Tdap vaccine without which, there was no predicate for these injuries.

On January 20, 2017, petitioner moved for an extension of time of 60 days to file an expert report, which the undersigned granted.

On March 27, 2017, petitioner made a second motion for an extension of time for another 60 days to file an expert report, which the undersigned granted.

On May 26, 2017, petitioner made a third motion for an extension of time for 30 days to file an expert report, which the undersigned granted.

On June 26, 2017, petitioner filed a motion for a status conference to discuss how to proceed in light of the fact that petitioner's two retained expert immunologists could not write an expert report in support of causation. The undersigned granted petitioner's motion and held a status conference on June 27, 2017.

During that status conference, petitioner made an oral motion for a decision dismissing the petition because she was unable to meet her burden of proof. The undersigned granted petitioner's motion and dismissed this case for failure to prove she had a Table injury or, in the alternative, causation in fact injuries.

On October 10, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner requests $21,556.90 in attorneys' fees and $4,348.19 in attorneys' costs, for a total request of $25,905.09. In accordance with General Order #9, petitioner said she did not advance any funds in the prosecution of her claim.

On October 23, 2017, respondent filed a response to petitioner's motion explaining he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

This matter is now ripe for adjudication.

**FACTUAL HISTORY**

On March 22, 2014, petitioner saw Dr. Scott Cameron who tested her for allergies to egg, milk and Tdap, with the results being negative to all three and other allergens.  Med. recs. Ex. 5, at 4.

On June 11, 2013, petitioner underwent an EMG, the results of which were normal except for mild carpal tunnel syndrome in her left hand, but negative for neurologic pathology such as brachial neuritis.  Med. recs. Ex. 11, at 31.

On December 29, 2013, Dr. Wayne Shytbel, a neurologist, examined petitioner and found she was normal neurologically with no evidence of neuropathy or myopathy.  Med. recs. Ex. 11, at 25.

In February 2015, petitioner underwent another EMG, the results of which were consistent with the EMG she underwent in June 2013, i.e., they were normal.  Med. recs. Ex. 8, at 9.

No treating doctor has ever diagnosed petitioner with anaphylactic reaction to Tdap or with brachial neuritis.

**DISCUSSION**

**I.     Entitlement to Fees Under the Vaccine Act**

   **a.  Legal Standard**

Under the Vaccine Act, a special master or the U.S. Court of Federal Claims may award fees and costs for an unsuccessful petition if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard.  Hamrick v. Sec'y of HHS, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).  A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred.  Turner v. Sec'y of HHS, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  Petitioners are "entitled to a presumption of good faith."  Grice v. Sec'y of HHS, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).

"Reasonable basis" is not defined in the Vaccine Act or Rules.  It has been determined to be an "objective consideration determined by the totality of the circumstances."  McKellar v. Sec'y of HHS, 101 Fed. Cl. 297, 303 (Fed. Cl. 2011).  In determining reasonable basis, the court looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim."  Turner, 2007 WL 4410030, at *6 (citing Di Roma v. Sec'y of HHS, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)).  Factors to be considered include factual basis, medical support, jurisdictional issues, and the circumstances under which a petition is filed.  Turner, 2007 WL 4410030, at *6–*9.

3

Traditionally, special masters have been "quite generous" in finding reasonable basis. Turpin v. Sec'y of HHS, No. 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005); see also Austin v. Sec'y of HHS, No. 10-362V, 2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) ("The policy behind the Vaccine Act's extraordinarily generous provisions authorizing attorney fees and costs in unsuccessful cases—ensuring that litigants have ready access to competent representation—militates in favor of a lenient approach to reasonable basis."). However, as former-Chief Judge Campbell-Smith noted in her affirmance of Special Master Moran's decision not to award attorneys' fees in Chuisano, "Fee denials are expected to occur. A different construction of the statute would swallow the special master's discretion." Chuisano v. United States, 116 Fed. Cl. 276, 286 (Fed. Cl. 2014). See also Dews v. Sec'y of HHS, No. 13-569V, 2015 WL 1779148 (Fed. Cl. Spec. Mstr. Mar. 30, 2015) (in which the undersigned found petitioner was not entitled to attorneys' fees and costs because she did not have a reasonable basis to bring the petition).

**b. Good faith and reasonable basis**

Petitioner is entitled to a presumption of good faith, and respondent does not contest that the petition was filed in good faith. Grice, 36 Fed. Cl. at 121. There is no evidence that this petition was brought in bad faith. Therefore, the undersigned finds that the good faith requirement is satisfied. However, for the reasons outlined below, the undersigned finds petitioner did not have a reasonable basis to bring her claim.

Petitioner can hardly prove that Tdap vaccine caused her anaphylaxis or brachial neuritis when she does not have either. No medical records show that petitioner had an adverse reaction to Tdap vaccine which lasted more than six months. Petitioner has not filed a medical expert report in support of her non-Table allegations.

Counsel has a duty to investigate a claim before filing it. In Rehn v. Secretary of Health and Human Services, Judge Lettow explained: "if an attorney does not actively investigate a case before filing, the claim may not have a reasonable basis and so may not be worthy of attorneys' fees and costs." 126 Fed. Cl. 86, 93 (Fed. Cl. 2016). Petitioner did not contact her counsel on the eve of the running of the statute of limitations. She received Tdap vaccine on March 13, 2013. Even if petitioner's alleged vaccine injury began the day she received the vaccine, she had until March 13, 2016 before the statute of limitations would run on her claim. Petitioner's attorney's billing records show petitioner contacted counsel by February 18, 2015 and counsel prepared a new client file on February 19, 2015, over a year before the running of the statute of limitations. Fee App., Ex. A, at 4. Thus, petitioner's counsel had ample time to perform this due diligence. See Chuisano v. Sec'y of HHS, 116 Fed. Cl. 276, 291 (May 15, 2014) (finding that a special master acted within his discretion in not finding reasonable basis because, in part, the attorneys did not establish diligence and noting "an earlier telephone call to one of the firm's regularly retained experts might have provided some evidence of timely due diligence"); Solomon v. Sec'y of HHS, No. 14–0748V, 2016 WL 8257673, at *4 (Fed. Cl. Spec. Mstr. Oct. 27, 2016) ("Petitioner's counsel still is required to perform due diligence, given the available evidence and amount of time prior to the running of the statute of limitations.").

On February 18, 2015, petitioner contacted counsel. However, counsel did not request medical records until August 14, 2015, six months later. Id. Counsel billed half an hour for reviewing medical records on November 3, 2015 and did not request more medical records until

December 10 and 18, 2015.  Id. at 4.  On February 11, 2016, counsel requested more medical records.  Id. at 5.  On February 14, February 15, and March 1, 2016, counsel billed 2.7 hours, 1 hour, and 1 hour, respectively, for a total of 4.7 hours to review medical records.  Id. at 5, 6.  Before he filed the petition on March 9, 2016, petitioner's counsel spent a total of 4.1 hours on research, including 2.9 hours on medical research and 1.2 hours on unspecified research.  Id. at 6.  Review of petitioner's medical records would have shown petitioner's attorney that petitioner did not have a reasonable basis to bring her claim.  Therefore, the undersigned finds that petitioner's counsel did not do due diligence by not requesting petitioner's medical records for almost six months.  He briefly reviewed these medical records eight and half months after petitioner first contacted him and did not request more medical records for another month.  He reviewed more medical records and filed the petition.  What counsel should have realized through his review, however, was that petitioner did not even have the illnesses which petitioner alleged the vaccine caused.

## CONCLUSION

The undersigned finds that an award of attorneys' fees and costs to petitioner is unreasonable.  Therefore, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated: <u>October 24, 2017</u>                                                              s/ Laura D. Millman
                                                                                                              Laura D. Millman
                                                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.